UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICA AS TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>DARRICK D. STERLING, et al.,<br><br>Defendant. | Case No. 14-cv-02181-MEJ<br><br>**ORDER TO SHOW CAUSE** |

On May 12, 2014, Defendants Darrick Sterling and Sylvester Bradford removed this unlawful detainer action from Alameda County Superior Court. However, an unlawful detainer action does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Thus, it appears that jurisdiction is lacking and the case should be remanded to state court. Accordingly, the Court ORDERS Defendants to show cause why this case should not be remanded to the Alameda County Superior Court. Defendants shall file a declaration by May 29, 2014, and the Court shall conduct a hearing on June 12, 2014 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. In the declaration, Defendants must address how this Court has jurisdiction over Plaintiff's unlawful detainer claim.

Defendants should be mindful that an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only

1 question truly at issue in the case." *ARCO Environmental Remediation, LLC v. Dept. of Health
2 and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also*
3 *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-
4 law claim does not confer jurisdiction on a federal court, even if the defense is that of federal
5 preemption and is anticipated in the plaintiff's complaint."). Thus, any anticipated defense, such
6 as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702,
7 123 Stat. 1632 (2009), is not a valid ground for removal. *See e.g. Aurora Loan Services, LLC v.*
8 *Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL
9 4809661, at *2–3 (S.D. Cal. Nov.19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578,
10 at 2–3 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at *
11 1 (N.D. Cal. March 29, 2010).

**IT IS SO ORDERED.**

Dated: May 16, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge